IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


PAUL W. BROWN,

                    Plaintiff,                    Case No. 3:10 CV 687
        -vs-

NORWALK CITY SCHOOL DISTRICT            MEMORANDUM   OPINION
BOARD OF EDUCATION,

                    Defendant.
KATZ, J.

This matter is before the Court on Defendant Norwalk City School District Board of

Education's ("Defendant") Motion to Dismiss (Doc. No. 20).  The Court notes federal question

jurisdiction under 28 U.S.C. §1331 and proper venue under 28 U.S.C. §1391.  For the reasons

stated below, Defendant's motion will be granted.

### I. MOTION TO DISMISS STANDARD

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon

which relief can be granted."  Courts must accept as true all of the factual allegations contained in

the complaint when ruling on a motion to dismiss.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

*Thurman v. Pfizer, Inc*., 484 F.3d 855, 859 (6th Cir. 2007).  To survive a motion to dismiss under

Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual

allegations must be enough to raise a right to relief above the speculative level on the assumption

that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of*

*Cleveland*, *Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, the Court is cognizant that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## II. BACKGROUND

Plaintiff Paul W. Brown ("Plaintiff") was convicted under O.R.C. § 2911.12 for burglary in 1976. In 1983, after serving his time, Plaintiff began working for Defendant, an Ohio public school system, as a custodian, driver, and utility person; he was a very good employee. However,

twenty-five years later, in 2008, he was terminated because of his prior conviction. At the time,

Plaintiff was covered by a collective bargaining agreement that granted him tenure protection.

Plaintiff's Amended Complaint raises constitutional challenges, under 42 U.S.C. § 1983, to

the Ohio law which required his 2008 termination. The first claim raises procedural and

substantive due process under the Fourteenth Amendment. The second claim alleges that

Defendant received federal money for hiring him under some statute or program which determined

that Plaintiff was rehabilitated, preempting the Ohio law. In other words, he claims that Ohio

could not formulate an alternative test for rehabilitation after Defendant accepted federal money

for hiring a rehabilitated burglar. Plaintiff's third claim raises the Fourteenth Amendment's equal

protection guarantee. Finally, Plaintiff's fourth claim implicates the *ex post facto* and Contract

clauses of the Constitution.

### III. ANALYSIS

*A. The Ohio Law*

In 2007, the Ohio law governing criminal background checks for public school workers

was expanded. While O.R.C. § 3319.39 had required background checks only for certain school

employees, the new law, O.R.C. § 3319.391, expanded the requirement to nonlicensed employees

such as Plaintiff. *Doe v. Ronan*, 937 N.E.2d 556, 560 (Ohio 2010). Further, the new law also

required background check for existing employees. O.R.C. § 3319.391(A). Anyone convicted of

a listed offense - the list, found at O.R.C. § 3319.39(B)(1)(a), includes O.R.C. § 2911.12 - cannot

be hired or must be released, unless such person meets the rehabilitation standard. O.R.C. §

3319.391(C). Both the old law and the new law, by cross-reference, entrusted promulgation of the

rehabilitation standard to the Ohio Department of Education ("ODE"). *Ronan*, 937 N.E.2d at 560.

3

In 2008, ODE had only one regulation concerning rehabilitation, Ohio Admin. Code 3301-20-1, which had been promulgated prior to 2007. *Id.* at 561. That regulation did[1] not allow for rehabilitation of those convicted of burglary under O.R.C. § 2911.12. Former Ohio Admin. Code 3301-20-1(A)(10), (E)(1)(b). Thus, Plaintiff was fired when the only description of rehabilitation under the law excluded him. In 2009, ODE added Ohio Admin. Code 3301-20-3 which would have allowed a nonlicensed employee, like Plaintiff, to demonstrate rehabilitation for a burglary offense that was more than ten years old.

*B. Due Process Claims*

Plaintiff's opposition (Doc. No. 23) barely mentions substantive due process, instead focusing on procedural due process arguments. Even so, Plaintiff would fail to establish a substantive due process claim because substantive due process prevents only "a complete prohibition of the right to engage in a calling." *Conn v. Gabbert*, 526 U.S. 286, 292 (1999). Plaintiff has not been denied his ability to choose a career because he "remains free to pursue his chosen profession" as a custodian/maintenance worker/driver anywhere other than an Ohio public school (and could now reapply to Defendant). *Parate v. Isibor*, 868 F.2d 821, 831 (6th Cir. 1989). Plaintiff claims that his chosen career is "public employment." (Doc. No. 23 at 10). However, unless there is some independent violation of a "fundamental" right, "the termination of public employment does not constitute a denial of substantive due process." *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1351 (6th Cir. 1992). Because "there is no fundamental right to government employment" and Plaintiff can be a custodian anywhere else, he cannot establish a

---

[1] The regulation has since been amended, but the list of "Non-rehabilitative offenses" still includes burglary under O.R.C. § 2911.12. Ohio Admin. Code 3301-20-1

4

substantive due process violation. *United Bldg. & Constr. Trades Council of Camden County & Vicinity v. Mayor & Council of Camden*, 465 U.S. 208, 219 (1984) (citations omitted); *accord Chapman v. City of Detroit*, 808 F.2d 459, 464 (6th Cir. 1986) (*citing Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307 (1976)).

Plaintiff rests his procedural due process claim (which he says "is about the clearest case of a procedural due process violation that one will ever see") entirely upon the lack of process afforded him by O.R.C. § 3319.391 and the ODE regulation existing in 2008. In a procedural due process claim, the Court must consider whether Plaintiff had a protected liberty or property interest and what process protection that interest deserved. *Smith v. Jefferson County Bd. of Sch. Comm'rs*, 641 F.3d 197, 216 (6th Cir. 2011) (en banc) (*citing Leary v. Daeschner*, 228 F.3d 729, 741 (6th Cir. 2000)).

The Court need not address whether Plaintiff has asserted a procedurally protected right because he received all the process he was due from the legislative process. In other words, even if the change in Ohio law operated to deprive Plaintiff of a property or liberty right protected by procedural due process rights, "[n]o notice or hearing is required before legislative action." *Id.* (*citing 37712, Inc. v. Ohio Dep't of Liqour Control*, 113 F.3d 614, 619 (6th Cir. 1997)). Plaintiff fails to rebut Defendant's claim that the changes to Ohio law (O.R.C. § 3319.391 and, later, the ODE regulations) were legislative acts. Further, Defendant's claim that the changes were legislative acts is convincing because the actions in question were "general in [their] scope rather than targeted on a specific individual, and [their] generality provides a safeguard that is a substitute for procedural protections." *Id.* (*quoting Ind. Land Co. v. City of Greenwood*, 378 F.3d 705, 710 (7th Cir. 2004). Rather than a clear case of procedural due process violation, the

5

situation at issue presents a clear example of state actions involving "integral steps in the legislative process." *Id.* (*quoting Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998).

Because Plaintiff had no fundamental right to public employment and the actions he complains of are clearly legislative, meaning that he has already received all the procedural protection he is due, he fails to state a Due Process violation and the Court will dismiss the first claim for relief of the Amended Complaint.

*C. Preemption*

Plaintiff's second theory is that because he was hired pursuant to a federal spending program which determined that he was rehabilitated, that such determination preempts Ohio law. Defendant's primary defense against this claim is to note that Plaintiff has yet to name the federal law, program, or regulation he claims preempts the state law.  In response, rather than name the federal law, Plaintiff discusses preemption under the Spending Clause and invokes the standard under Rule 12(b)(6).

Plaintiff is certainly correct that actions under the Spending Clause can preempt state law. *Westside Mothers v. Haveman*, 289 F.3d 852, 860 (6th Cir. 2002) (*citing Dalton v. Little Rock Family Planning Servs.*, 516 U.S. 474, 477-78 (1996)).  However, "[p]re-emption analysis requires us to compare federal and state law. We therefore begin by identifying the state [law] and federal [law] applicable." *PLIVA, Inc. v. Mensing*, 131 S.Ct. 2567, 2573 (2011); *see also Planned Parenthood of Houston & Se. Texas v. Sanchez*, 403 F.3d 324, 336 (5th Cir. 2005) ("Preemption doctrine requires an examination of Congressional intent" in Spending Clause preemption case). In other words, without knowing what federal law Plaintiff relies on, the Court cannot compare that law with O.R.C. § 3319.391 and the ODE regulations.

Plaintiff's reliance on the motion to dismiss standard is misplaced.  While the Court must assume that Plaintiff satisfied a program at this stage (a factual question), there is no requirement to assume the contents, or even existence, of such a law (a legal question).  Plaintiff passed on the opportunity to name a federal law presented by Defendant's motion.  Further, despite receiving extra time to file his opposition, Plaintiff never requested leave to further amend as an alternative - he is relying on discovery to find the federal spending at issue.  When testing the legal sufficiency of his claims, Plaintiff cannot assume that he will find some law on point, only that he might find some facts on point.  Without naming the supposedly preempting statute, Plaintiff cannot raise his claim to the plausibility standard required to survive a motion to dismiss.  Because Plaintiff's preemption argument is mere speculation, the Court will dismiss the second claim for relief of his Amended Complaint.

*D. Equal Protection*

In order to establish an Equal Protection claim, Plaintiff must show one of the following: infringement on a fundamental right, discrimination based on a protected class, or irrational intentional discrimination.  *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010) (citation omitted).  As noted above, Plaintiff had no fundamental right in his job with Defendant.  Further, he has not alleged that either criminals or burglars are a protected class.  Instead he argues that the distinction between burglary and other crimes in the statute is irrational.

In his third claim for relief, Plaintiff presents an Equal Protection "class of one" theory.[2] Under such a theory, "a party must claim that the government treated similarly situated persons differently." *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 574 (6th Cir. 2008) (citation omitted).  In response to Defendant's point that anyone convicted of burglary received the same treatment, Plaintiff expands his claim to the distinction between burglars and other criminals and to consider the change in law arising after his release.  Plaintiff cannot rely on the later change in law with regard to his termination because the violation he alleges, his termination, occurred before ODE changed the regulations.  Plaintiff's editorial comments that the change proves either irrationality or unconstitutionality carry no weight as either legal conclusions, rather than argument, or unfounded factual assertions.

With regard to the different treatment of different convictions, Plaintiff must show irrationality be either disproving any and all rational bases or by proving actual animus.  *Warren v. City of Athens, Ohio*, 411 F.3d 697, 711 (6th Cir. 2005) (quotations omitted).  Plaintiff's only attempt to satisfy either standard is to show the unfair effect of the change in law after his termination, rather than before.  As noted above, that change in law had nothing to do with his termination and thus fails to prove that the Ohio law and regulation were irrational at the time of his termination.

Because Plaintiff cannot demonstrate either a burden on a fundamental right or an irrational distinction (and has not attempted to show a distinction based on a suspect class) he does

---

[2]

While the Supreme Court has foreclosed the use of the "class of one" theory against a public employer, this Court has already determined that the challenged action was legislative in nature and that holding only applied to the state acting as employer, rather than legislator. *Enquist v. Oregon Dep't of Agric.*, 553 U.S. 591 (2008).

not state an Equal Protection claim on which relief may be granted.  As such the Court will

dismiss the third claim for relief from his Amended Complaint.

*E. Final Matters*

Plaintiff explicitly abandoned his fourth claim for relief.  Doc. No. 23 at 1 n1.  Thus, the

Court will dismiss that claim.

Defendant requested, as an alternative to dismissal, that the Court certify the case to the

Ohio attorney general.  Because the Court will grant dismissal, certification will be unnecessary.

## IV. CONCLUSION

For the reasons discussed herein, Defendant's Motion to Dismiss (Doc. No. 20) is granted.

Plaintiff's Amended Complaint is dismissed.  Case closed.

IT IS SO ORDERED.

                     s/ *David A. Katz*
                     DAVID A. KATZ
                     U. S. DISTRICT JUDGE